## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S and LEGO SYSTEMS, INC.  :<br><br>    Plaintiff,  :<br><br>       v.  :<br><br>BEST-LOCK CONSTRUCTION TOYS, INC.  :<br><br>    Defendant.  : | Civil Action No.: 3:11-cv-1586<br><br>**JURY TRIAL DEMANDED**<br><br>OCTOBER 14, 2011 |

### COMPLAINT

Plaintiffs LEGO A/S ("LAS") and LEGO Systems, Inc. ("LSI") (collectively, "the LEGO Group") file this complaint against defendant Best-Lock Construction Toys, Inc. ("Best-Lock") and allege as follows:

### THE PARTIES

1.     Plaintiff LAS is a private company with a place of business located at Aastvej 1, Dk-7190, Billund, Denmark.

2.     Plaintiff LSI is a Delaware corporation having its principal place of business at 555 Taylor Rd., Enfield, CT 06082.

3.     Upon information and belief, defendant Best-Lock is a Florida corporation with its principal place of business at 444 Brickell Ave., Suite 300, Miami, FL 33131.  Upon information and belief, Best-Lock does business in the State of Connecticut.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5.     This Court has personal jurisdiction over Best-Lock by virtue of it transacting,

doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2).

### THE MINIFIGURE FIGURINE AND THE LEGO GROUP'S COPYRIGHTS

7.      In 1978, the LEGO® brand introduced its Minifigure figurine.  The Minifigure figurine has a head, arms, legs and can feature a multitude of fixed facial expressions and clothing styles.  It comprises a distinct trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and square feet.  For over 30 years, the Minifigure figurine has been included in numerous varieties of LEGO® brand toy sets.

8.      LAS owns numerous copyrights registered with the United States Copyright Office, including Registration Number VA0000655230 and Registration Number VA0000655104 ("the Registered Copyrights").  Copies of the deposit material maintained by the United States Copyright Office as part of the Registered Copyrights are attached as Exhibits 1 and 2.

9.      In addition, the LEGO Group is entitled to protection from unauthorized copying of the MiniFigure figurine under several copyrights owned or licensed by the LEGO Group, including the Registered Copyrights ("the Minifigure Copyrights").

### BEST-LOCK'S INFRINGING FIGURINE

10.     Best-Lock sells toy sets in the United States, many of which include a figurine having a trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and square feet ("the Infringing Figurine").

11.     Best-Lock's Infringing Figurine is strikingly and substantially similar to the Minifigure Copyrights.  In fact, the torso, head, arms, legs, and feet of Best-Lock's Infringing

Figurine all have the exact dimensions and proportions as those respective parts of the Minifigure Copyrights and the Minifigure figurine and Best-Lock's Infringing Figuring is the same height, width, and depth as the Minifigure Copyrights and the Minifigure figurine.

12.     The photographs below show views of Best-Lock's Infringing Figurine on the left and an example of the copyrighted Minifigure figurine on the right:



**Fig 1 – Front view**



**Fig 2 – Rear view**



**Fig 3 – Side view**

13.     Upon information and belief, Best-Lock had access to the copyrighted Minifigure

-3-

figurine.

14.     Best-Lock's Infringing Figurine is an unauthorized reproduction of the LEGO Group's copyrights including the Minifigure Copyrights.

15.     The LEGO Group has no agreement of any kind with Best-Lock that would authorize Best-Lock's reproduction of the Minifigure Copyrights or the sale or distribution of the Infringing Figurine.

**COUNT I**
**(Copyright Infringement)**

16.     The LEGO Group hereby repeats and realleges paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.     The copyrighted Minifigure figurine comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*  The LEGO Group has complied in all respects with the laws governing copyright and has secured the rights and privileges in, to and under the Minifigure Copyrights in the Minifigure figurine.

18.     In violation of the LEGO Group's exclusive rights in the Minifigure figurine and the Minifigure Copyrights, Best-Lock has reproduced the Minifigure Copyrights, and sold and distributed the Infringing Figurine that is strikingly and substantially similar to the Minifigure figurine.

19.     Best-Lock's unlawful conduct constitutes infringement of the LEGO Group's exclusive rights in the Minifigure Copyrights including without limitation the LEGO Group's rights under 17 U.S.C. § 106.

20.     Upon information and belief, as a direct and proximate result of Best-Lock's wrongful conduct, Best-Lock has realized and continues to realize profits and other benefits

rightfully belonging to the LEGO Group.

21.     As a result of Best-Lock's unlawful conduct, the LEGO Group has suffered and will continue to suffer damages.

22.     Best-Lock's continued, unauthorized reproduction of the Minifigure Copyrights, and sale and distribution of the Infringing Figurine is causing and will cause the LEGO Group irreparable harm.

## COUNT II
### (Violation of the Connecticut Unfair Trade Practices Act)

23.     The LEGO Group hereby repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     By engaging in the acts alleged above, Best-Lock has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

25.     Best-Lock's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

26.     Best-Lock's conduct has caused and will continue to cause substantial injury to the LEGO Group and to the public interest.

27.     Best-Lock committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

28.     The LEGO Group has suffered, and if Best-Lock is not enjoined will continue to suffer, an ascertainable loss of money or property as a result of Best-Lock's actions.

29.     By virtue of the above conduct, Best-Lock has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*

30.     Best-Lock's continued unlawful and unfair trade practices is causing and will cause the LEGO Group irreparable harm.

31.     A copy of this Complaint has been mailed to the Attorney General as required by Conn. Gen. Stat. § 42-110g(c).

**WHEREFORE**, the LEGO Group requests judgment as follows:

1.     For a preliminary and permanent injunction restraining Best-Lock, its officers, agents, servants and employees, and all persons in active concert or participation with Best-Lock or with any of the foregoing from:

    (a)     making unauthorized reproductions of the copyrighted Minifigure figurine including any figurine that is substantially similar to the Minifigure Copyrights;

    (b)     continuing to distribute, sell, offer for sale, or authorize the sale of the Infringing Figurine or any other figurine that is substantially similar to the Minifigure Copyrights;

2.     An order that Best-Lock be directed to file with this Court and serve on the LEGO Group within thirty days after the service of an injunction, a report, in writing and under oath, confirming the destruction or other disposition of all copies of the Infringing figurine and all means of producing copies of the Infringing figurine.

3.     Awarding the LEGO Group its actual damages and Best-Lock's profits in an amount to be determined at trial or statutory damages pursuant to 17 U.S.C. § 504;

4.     Awarding the LEGO Group its reasonable attorneys' fees and costs; and

5.     Such other and further relief as the Court deems appropriate.

## JURY DEMAND

The LEGO Group demands a trial by jury of all issues so triable.

By: /s/ Elizabeth A. Alquist
      Elizabeth A. Alquist (ct15643)
      Nicholas A. Pisarsky (ct27916)
      Day Pitney, LLP
      242 Trumbull Street
      Hartford, CT 06103-1212
      Tel. (860) 275-0100
      Fax (860) 275-0343
      eaalquist@daypitney.com
      npisarsky@daypitney.com

*Its attorneys*