## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

LEGO A/S, and LEGO SYSTEMS, INC.,

                Plaintiffs,

  v.

BEST-LOCK CONSTRUCTION TOYS, INC.,

                Defendant.

3:11 - CV- 1586 (CSH)

**APRIL 15, 2013**

## RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF RULING ON MOTIONS FOR PROTECTIVE ORDER

**HAIGHT, Senior District Judge:**

On December 11, 2012, this Court issued a Ruling [Doc. 99] on the parties' motions for a protective order (the "December 11 Ruling"), familiarity with which is assumed. Plaintiffs, the LEGO interests, now move for reconsideration of one aspect of the Ruling: specifically, the Court's decision in favor of Defendant Best-Lock with respect to the proper wording of ¶ 5(b) of a proposed protective order.

The wording of ¶ 5(b), as proposed by Best-Lock and accepted by the Court, provides that the party receiving confidential discovery materials from the producing party must notify the producing party that it "desires to disclose specified items of Confidential Information to identified employee(s) of the receiving party." The producing party then has five business days to "disapprove" such disclosure, with a rationale for doing so. Any dispute will be resolved by a Magistrate Judge.

The several disputes concerning the proper wording of the protective order were fully briefed

1

by counsel for the parties.  LEGO stated its objections to Best-Lock's suggested ¶ 5(b) language in a brief filed on October 31, 2012 [Doc. 97].  The sole objection LEGO made at that time was that the proposed ¶ 5(b) was burdensome.  LEGO said of the notice of disclosure-to-employee provisions: "On its face alone, that requirement is overly burdensome but when considered with certain facts in focus, it becomes unworkable." [Doc. 97] at 4.  LEGO sought to develop those facts by references its "employing over 9,000 people worldwide," with the consequent possibility that LEGO might believe it necessary "for 10 employees each to see 10 documents."  *Id*.  Taking all this into effect, LEGO's brief argued that:  "The process would likely bog down the adjudication of this case to a snail's pace and offload much more of the discovery work onto the Court rather than the parties."  *Id* at 5.

Undaunted by that prediction, the Court concluded in the December 11 Ruling that Best-Lock's suggested procedure served legitimate interests, and that "LEGO's brief overstates the complexities, delays and expenditures of time that the procedure may generate."  December 11 Ruling [Doc. 99] at 5.

Disappointed by the result, LEGO's Brief on the present motion for reconsideration [Doc. 102-1] at 1 argues that the ¶ 5(b) procedure "is both burdensome and harmful, as it has the undesired effect of revealing attorney work product of litigation counsel."  The brief is devoted to a disquisition on the importance of the attorney work product doctrine in its several forms ("courts must protect against the disclosure of attorney work product, including the mental impressions, conclusions, opinions, or legal theories of a party's attorney concerning the litigation"), and concludes with the contention that the procedure "brings with it the risk of an invasion into the attorney work product doctrine."  *Id.* at 3, 5.  LEGO's Reply Brief [Doc. 104] expounds again upon the near-sanctity of an

2

attorney's work product and, ratcheting up the rhetoric, begins with the declaration that "a motion for reconsideration may be granted where, as here, there is a need to prevent manifest injustice."

Given LEGO's post-Ruling perception of the dreadful harm Best-Lock's ¶ 5(b) procedure inflicts upon the work product of LEGO's attorneys, it is surprising that those attorneys said nothing about an imperiled work product in LEGO's original opposition to the procedure. That objection was based solely upon a perceived difficulty in terms of *practical implementation* of the procedure; nothing was said about exposing *attorney work product* to the Perils of Pauline. In consequence, LEGO's present motion for reconsideration runs aground on the reef of established authority, recently summarized by Magistrate Judge Smith in *Morien v. Munich Reinsurance America., Inc.*, 270 F.R.D. 65 (D. Conn. 2010*)*:

> It is well-established that the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence. The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters. . . . Reconsideration will only be granted if a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice.
>
> A motion for reconsideration may not be used to relitigate an issue the court has already decided. A motion for reconsideration is not simply a second bite at the apple for a party dissatisfied with a court's ruling. . . .
>
> Put simply, a motion for reconsideration is not the proper venue for a party, unhappy with the trial judge's discovery ruling, to buttress its original argument with additional (and previously available) case law in an attempt to obtain a more favorable ruling.

270 F.R.D. at 69, 70 (citations and internal quotation marks omitted).

In the case at bar, the transformation in LEGO's eyes of the attorney work product doctrine, from something not worth mentioning its first brief on the protective order motions to the decisive factor in support of the present motion for reconsideration after those motions were lost, furnishes a paradigmatic example of a disappointed litigant trying to plug gaps in a lost motion by taking a second bite at the apple (to mix well-established metaphors).  I need not reach Best-Lock's argument [Brief, Doc. 103] at 3-5 that in fact, LEGO's attorney work product would not be jeopardized by the ¶ 5(b) procedure.  It is sufficient for present purposes to say that LEGO's motion for reconsideration does not pass muster under the distinctly limited scope of review available for applications for such relief.

For the foregoing reasons, the motion [Doc. 102] of Plaintiffs for reconsideration of the Court's Ruling [Doc. 99] is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut
        April 15, 2013

                                        _/s/Charles S. Haight, Jr._____
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge

4