UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LEGO A/S, and LEGO SYSTEMS, INC.,

        Plaintiffs,                            3:11 - CV- 1586 (CSH)

v.

BEST-LOCK CONSTRUCTION TOYS,

        Defendant.                             JUNE 17, 2014

**ORDER**

**HAIGHT, Senior District Judge:**

      As directed by the Court, counsel for the parties have sent letters summarizing the present status of this interesting case.

      I have the benefit of a letter dated June 12, 2014 from Ms. Alquist (counsel for Lego) and a letter of even date from Mr. Faber (counsel for Best-Lock). Those letters state, with differing degrees of emphasis, that settlement discussions have taken place, but peace has not yet broken out on the Western Front, or anywhere else in what counsel characterize as a dispute of global dimensions. Mr. Faber says that "on June 9, 2014, Best-Lock conveyed its proposed settlement terms" to counsel for Lego, and "[t]o date, Lego has not responded." Ms. Alquist states that "[w]hile willing to participate in ongoing settlement discussions," Lego "is determined to litigate this case to a conclusion," a corporate state of mind suggestive of the inherent difficulty in driving a car with the gas pedal and foot brake both firmly depressed. I mean no criticism of counsel; that is the manner in which experienced trial attorneys frequently conduct litigation.

"Hope," the poet tells us, "springs eternal,"[1] so one may hope that these competing creators of childhood companions may yet compose their differences.  But it is now necessary to chart the future course of the continuing litigation.  In that regard, counsels' perceptions seem to differ.  Mr. Faber takes the position that "all discovery going forward [should] be limited to the issue of equitable estoppel."  Faber Letter at 2.  In his view, whatever impact the Supreme Court's decision in *Petrella v. MGM*, 188 L.Ed. 2d 979 (2014) may have on Best-Lock's laches defense, "it appears to have no effect on Best-Lock's equitable estoppel defense."  Faber Letter at 1.  Ms. Alquist's suggestions paint with a broader brush.  She submits a proposed schedule which contemplates full-scale discovery featuring written interrogatories, depositions of party and third-party fact witnesses, and completion of the discovery rules protocol applicable to expert witnesses.  This proposed schedule leads up to "[o]pening summary judgment briefs if appropriate" by July 24, 2015, and a pretrial conference on August 4, 2015 "if no dispositive motions are filed."  Alquist Letter at 2.

These differing proposals cannot be reconciled.  A telephone conference with the Court is required.  The purposes will include a determination of the boundaries, if any, of future discovery, and a time table for future stages of litigation.  Counsel are directed to confer with each other, and agree upon a date for the conference, to be held at 2:00 p.m. on either July 7 or 10.  Counsel should convey the chosen date to the Court, and arrange for the attendance of a court stenographer at one of their offices, so that a transcript of the teleconference may be made.

It is SO ORDERED.

---

[1]  Alexander Pope, *An Essay on Man*, Epistle I, l. 95.

Dated: New Haven, Connecticut
        June 17, 2014

                                          */s/Charles S. Haight, Jr.*
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge