UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S and LEGO SYSTEMS, INC., <br><br> Plaintiffs, <br> v. <br><br> BEST-LOCK CONSTRUCTION TOYS, INC., and BEST-LOCK LIMITED, HONG-KONG, <br><br> Defendants. <br><br>--- <br><br> BEST-LOCK CONSTRUCTION TOYS, INC., BEST-LOCK LIMITED, HONG-KONG, and BEST-LOCK GROUP LIMITED, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> LEGO A/S and LEGO SYSTEMS, INC., <br><br> Counterclaim Defendants. | 3:11-cv-01586 (CSH) <br><br><br> **December 21, 2017** |

**RULING ON DEFENDANTS' MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO COMPEL PRODUCTION OF DOCUMENTS, DEPOSITIONS, AND SUPPLEMENTAL INTERROGATORY RESPONSES**

**HAIGHT, Senior District Judge**:

Defendants Best-Lock Construction Toys, Inc. and Best-Lock Limited (collectively "Best-Lock") have filed a motion [Doc. 150] to defer consideration of the pending motion of Plaintiffs Lego A/S and Lego Systems, Inc. (collectively "Lego") for partial summary judgment.

1

This motion to defer consideration is Best-Lock's renewed effort to persuade the Court that additional discovery is essential to enable Best-Lock to oppose Lego's partial summary judgment motion. Best-Lock anticipates that the additional discovery it has in mind will create genuine issues of material fact with respect to Lego's motion. Lego opposes Best-Lock's motion to defer, and contends that the Court should adjudicate Lego's partial summary judgment motion on the present record. The motion has been elaborately briefed, the Court heard oral argument, and the question is ripe for decision. This Ruling resolves Best-Lock's motion.

## I. BACKGROUND

On October 14, 2011, Lego initiated this action, alleging infringement of two copyrights filed in 1994, VA 655-104 and VA 655-230 (the "Minifigure Copyrights"). The Complaint, as amended on August 30, 2012, alleges that Best-Lock infringed the Minifigure Copyrights through its actions producing and selling similar minifigures in the United States. Specifically, Lego asserts claims for (1) infringement of the Minifigure Copyrights under 17 U.S.C. § 101, *et seq.*; (2) defamation; and (3) violation of the Connecticut Unfair Trade Practices Act ("CUPTA"), Conn. Gen. Stat. § 42-110a, *et seq*. *See* Second Amended Complaint. [Doc. 84]. Lego seeks to enjoin and restrain Best-Lock from manufacturing or selling its minifigures, and asserts claims for actual damages. *See id.* at 10-11.

Best-Lock has asserted affirmative defenses and Counterclaims, claiming, *inter alia*, that: (1) the Minifigure Copyrights are invalid and unenforceable; (2) Best-Lock is entitled to a declaratory judgment that the sale of Best-Lock's minifigures does not infringe on the Minifigure Copyrights; and (3) Best-Lock is entitled to an injunction requiring Lego to consent to the importation and delivery of Best-Lock's goods in the United States. *See* Best-Lock's Answer. [Doc. 86]. Best-Lock also added Best-Lock Group Limited as a Counterclaim Plaintiff. *See id.* ¶ 87.

Familiarity is assumed with the Court's prior decisions in this matter, reported at: 874 F. Supp. 2d 75 (ruling on the parties' cross-motions for preliminary injunctions); 886 F. Supp. 2d 65 (ruling on Plaintiffs' motion to amend its complaint); 2012 WL 6156129 (ruling on the parties' request for a protective order); 2013 WL 1611462 (ruling on the motion for reconsideration of the ruling on the protective order); and 319 F.R.D. 440 (ruling on Defendants' motion to dismiss and on Plaintiffs' motion for reconsideration of the Court's Order staying its motion for partial summary judgment).

Relevant here, a time came when Best-Lock filed a Motion to Dismiss for Lack of Prosecution. [Doc. 128]. On April 13, 2016, Lego filed a Motion for Partial Summary Judgment as to liability for its infringement claims under Count One of its Second Amended Complaint, as well as on several of Best-Lock's affirmative defenses and Counterclaims. [Docs. 130]. Best-Lock then filed an Emergency Motion to Deny, Dismiss or Stay Lego's Motion for Partial Summary Judgment [Doc. 135], arguing that Lego's Motion for Partial Summary Judgment should be denied or stayed in light of the fact that Best-Lock's Motion to Dismiss was pending, and discovery was incomplete.

The Court initially granted Best-Lock's Emergency Motion, denying Lego's Motion for Summary Judgment without prejudice to refiling once the Motion to Dismiss was resolved. [Doc. 136]. Lego then sought reconsideration of the Court's Order. [Doc. 137]. The Court vacated its Order and stayed the requirement for Best-Lock to file an opposition to Lego's Motion for Partial Summary Judgment until resolution of Lego's Motion to Reconsider. [Doc. 139]. On January 18, 2017, the Court granted Lego's Motion to Reconsider, and upon reconsideration, granted Best-Lock's Emergency Motion in part, staying the proceedings to provide Best-Lock an opportunity to re-file a motion pursuant to Fed. R. Civ. P. Rule 56(d), and providing a schedule for the making of such a

motion ("January 18 Ruling") [Doc. 143], thereby setting stage for the present motion before the Court.

In these circumstances, Best-Lock filed the instant Motion to Defer Consideration of Plaintiff's Motion for Partial Summary Judgment and to Compel Production ("Motion to Defer"). [Doc. 150]. Lego filed a memorandum in opposition, [Doc. 155], and Best-Lock filed a reply. [Doc. 156]. A hearing was held before the Court, at which both parties presented their arguments on the Motion to Defer. Subsequently, Best-Lock filed a Motion for Partial Summary Judgment of its own, [Doc. 164] which is also fully briefed and will be the subject of a later Ruling.

## II. LEGAL STANDARD

Rule 56(d) permits a court, in the exercise of its discretion, to defer or deny a decision on summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). "The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)[1]; *see also Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (same). The affidavit must explain with specificity how the facts sought are reasonably expected to create a genuine issue of material fact. *Alphonse Hotel Corp.*, 828 F.3d at 151.

"'[A] court plainly has discretion to reject a request for discovery if the evidence sought

---

[1] *Paddington Partners* applied the former Rule 56(f) of the Federal Rules of Civil Procedure, which has been renumbered as Rule 56(d), without substantive changes. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

would be cumulative or if the request is based only on speculation as to what potentially could be discovered, and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Crye Precision LLC v. Duro Textiles, LLC*, 689 F. App'x 104, 108 (2d Cir. 2017) (quoting *In re Dana Corp.*, 574 F.3d 129, 148-48 (2d Cir. 2009)); *see also Alphonse Hotel Corp*. 828 F.3d at 151–52 ("[B]are, generalized assertions cannot justify delaying the resolution of a summary judgment motion."); *Paddington Partners*, 34 F.3d at 1138 ("A court can reject a request for discovery, even if properly and timely made through a Rule 56[d] affidavit, if it deems the request to be based on speculation as to what potentially could be discovered.").

Thus, the party seeking to delay resolution of a summary judgment motion pursuant to Rule 56(d) must also provide the basis for believing that the discovery requested exists. *Alphonse Hotel Corp*. 828 F.3d at 151. "The requirement that a party identify *what* facts are sought and *how* they are to be obtained precludes the party from making purely speculative requests with the hope that beneficial evidence will serendipitously materialize." *Am. Home Assur. Co. v. ZIM JAMAICA*, 418 F. Supp. 2d 537, 547 (S.D.N.Y. 2006) (citation omitted).

### III.  PENDING MOTION

Consideration of Best-Lock's Motion to Defer requires the Court to revisit the grounds upon which Lego has moved for Partial Summary Judgment.

Lego seeks judgment as to liability on Count I of its Second Amended Complaint for copyright infringement. Motion for Partial Summary Judgment Br., Doc. 131 at 4-12. Lego claims that it holds certain valid copyrights that cover the sculpture of its Minifigures; that Best-Lock has copied the protectable elements of the Minifigures; and that such copying is illegal, in that there is

a substantial similarity between Best-Lock's figures and the protectable elements of Lego's Minifigures. *Id.* at 11-18. Lego also asserts that it is entitled to summary judgment dismissing Best-Lock's affirmative defenses of invalidity, laches, and equitable estoppel, as well as summary judgment on several of Best-Lock's related Counterclaims, which assert the invalidity of the copyrights, non-infringement of the copyrights, and fraud on the copyright office, the CBP and this Court. *Id.* at 12-35. Specifically, Lego argues that Best-Lock cannot prove that the Minifigure Copyrights are invalid, because (1) the copyrights do not protect functional elements of the figures, and (2) Lego has not perpetuated fraud on the copyright office in filing for the copyrights. *Id.* at 13-19.

Lego further asserts that Best-Lock's laches and equitable estoppel defenses depend upon inaction on Lego's part, which the facts of the case preclude Best-Lock from showing. *Id.* at 19-21. In addressing Best-Lock's laches defense, Lego argues that the defense fails as a matter of law, in light of the Supreme Court's decision in *Pertrella v. Metro-Goldwyn-Mayer Inc.,* 134 S. Ct. 1962 (2014). Lego contends that Best-Lock's equitable estoppel defense also fails as a matter of law because Best-Lock cannot prove the necessary elements of that defense. *Id.* at 21-22. Lego assumes, for purposes of its motion only, that Best-Lock can satisfy the first element of the defense: That Lego had knowledge of Best-Lock's alleged continuing, historical infringement. *Id.* at 25-26. Nonetheless, Lego argues, Best-Lock cannot prove the other elements of the defense because (1) Best-Lock cannot show that Lego acted or failed to act in a manner that would justify Best-Lock's reliance; (2) Lego's affixation of the copyright notice on the figures would have shown Best-Lock that the figures were protected by copyright; and (3) Best-Lock cannot prove that it detrimentally relied on Lego's conduct or inaction. *Id.* at 26-35.

6

The Court's January 18 Ruling provided Best-Lock with a second opportunity to make a motion pursuant to Rule 56(d). *See* Doc. 143. Best-Lock was there specifically advised to provide a supporting affidavit that

> explain[s] with precision the discovery Best-Lock is entitled to, and why Best-Lock requires that discovery in order to be able to respond to Lego's Motion for Partial Summary Judgment. Best-Lock is reminded that the discovery it is seeking must be relevant to Lego's Motion for Partial Summary Judgment. If the requested discovery is not tailored to Lego's Motion, the Court will again deny Best-Lock's Motion, this time in plenary fashion, and Lego's Partial Summary Judgment will proceed for adjudication.

Doc. 143 at 31.

Best-Lock has filed a renewed Motion to Defer Consideration, accompanied by an Affidavit of Lawrence S. Rosenthal ("Revised Rosenthal Affidavit") with twelve exhibits attached, and with a memorandum in support of the Motion ("Memo in Support"). *See* Best-Lock Revised Motion, Doc. 150. This renewed motion seeks deferral of consideration of Lego's Motion for Partial Summary Judgment until the close of discovery. It further requests that Lego be compelled to produce all non-privileged documents responsive to Best-Lock's discovery requests; to provide complete responses to the interrogatories listed in the Revised Rosenthal Affidavit; to make witnesses available for deposition; and to serve a privilege log by a date certain.

The Renewed Rosenthal Affidavit is far more detailed and lengthy than its four-page predecessor. In its Memo in Support, Best-Lock argues that discovery is required "into the ownership of and the constituent elements of" the copyrights upon which Lego asserts Best-Lock infringed. Doc. 150-1 at 9. Best-Lock refers to such discovery as regarding the "invalidity and non-infringement" of the copyrights. *Id.* Best-Lock also seeks discovery on the bases for the allegations that Best-Lock has actually copied Lego's Minifigures and that a substantial similarity exists between

7

them. *Id.* at 10. Best-Lock asserts that it requires discovery to show that elements of the Minifigures are functional rather than sculptural, and therefore not protected by the copyrights. *Id.* at 11.

Best-Lock also contends that discovery is needed to prove its affirmative defenses. Best-Lock requests discovery "concerning Lego's state of mind and its deliberate intent to defraud the Copyright Office"[.]" *Id.* at 12. Best-Lock also argues that it requires discovery for its estoppel defense, including "discovery that would demonstrate Lego's intent and reasons for its inaction." *Id.* at 13. Best-Lock specifically requests discovery about "Lego's repeated warnings and threats against Best-Lock in several countries as well as its harassment . . . . coupled with its inaction[.]" *Id.* Best-Lock finally seeks discovery concerning the nature and extent of the copyright notification markings. *Id.* at 14.[2]

Finally, Best-Lock argues that Lego's responses to Best-Lock's discovery requests are insufficient, and warrant further responses and production. *Id.* at 17. Best-Lock takes issue with Lego's objections to the discovery requests, and contends that Lego has improperly withheld documents on the basis of assertions of privilege and confidentiality. *Id.* at 17-20. Best-Lock notes that it will seek depositions of Lego's witnesses following further production by Lego. *Id.* at 23-24.

Lego has responded in kind, arguing that Best-Lock's revised Motion still falls short of satisfying the exacting standard required to grant a Rule 56(d) motion, and that it improperly seeks to compel discovery from Lego, despite the present stay of discovery ordered by the Court. *See*

---

[2] In its reply brief to the instant motion and again during oral argument, Best-Lock raised the argument that discovery was required to determine whether the copyright registrations were invalid *ab initio*. Best-Lock has since filed its own Motion for Partial Summary Judgment on this ground. As such, the Court will not credit Best-Lock's argument that it requires discovery on this issue to oppose Lego's motion. Best-Lock addresses this apparent contradiction in its Motion for Partial Summary Judgment, stating that while it "admits that it does not need discovery on this issue", it does require discovery to confirm its counterclaim of fraud. Doc. 164-1 at 4 n.1.

*generally* Lego Opposition, Doc. 155. Specifically, Lego contends that Best-Lock fails to precisely explain what discovery it requires, and fails to articulate how that discovery would aid it in opposing Lego's Motion for Partial Summary Judgment. Lego also raises arguments in opposition specific to each category of discovery requested.

## III. ANALYSIS

### A. Motion to Compel

As an initial matter, the Court addresses the scope of Best-Lock's motion. Best-Lock purports to move pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to defer consideration of Lego's pending Motion for Partial Summary Judgment, and also moves to compel discovery, pursuant to Rule 37.

The Federal Rules of Civil Procedure provide several different mechanisms to obtain discovery. The scope of discovery sought by way of a motion to compel pursuant to Rule 37 is governed by Rule 26. Discovery under Rule 26 is broad, and permits finding information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 advises that such information "need not be admissible in evidence to be discoverable." *Id.*

In contrast, pursuant to Rule 56(d), a party may request deferral or denial of a summary judgment motion in order to obtain further discovery, but such discovery must be reasonably expected to raise a genuine issue of material fact. *See* Fed. R. Civ. P. 56(d); *Paddington Partners v. Bouchard*, 34 F.3d at 1138. Such information must not only be relevant, but also admissible and germane to arguments advanced in the opposing party's summary judgment motion. That is so because relief pursuant Rule 56(d) is limited to the purpose of ensuring a party has the opportunity

to raise material issues of fact to preclude summary judgment. *See First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 265 (1968) (noting that Rule 56(d) "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion," while Rule 26 "provides for broad pretrial discovery").

Further, a motion to compel places the burden on the party resisting discovery to demonstrate why the discovery should be denied, *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 78, 80 (D. Conn. 2009); whereas the movant in a Rule 56(d) motion has the burden of convincing the Court that additional discovery is required. *Paddington Partners*, 34 F.3d at 1138. Suffice it to say that these avenues of relief are far from interchangeable. *See* 9 James Wm. Moore et al., *Moore's Federal Practice* §56.10[8][a] (3d ed. 2010) ("The remedy for failure to comply with discovery requests is a motion to compel, and Rule 56[d] is not the equivalent of a motion to compel.").

In its January 18 Ruling, the Court provided Best-Lock with the option to refile a motion pursuant to Rule 56(d). *See* January 18 Ruling, Doc. 143 at 32-33. Discovery was stayed pending resolution of Lego's Motion for Partial Summary Judgment. Best-Lock has refiled its specific Rule 56(d) motion, and also saw fit to couple that motion with a generally stated motion to compel broad areas of discovery under Rule 37. That separate and quite different motion was not contemplated by the Court when in the January 18 Ruling the Court gave Best-Lock a limited and specific opportunity to renew its motion pursuant to Rule 56(d). The Court therefore declines to hear Best-Lock's motion to compel at this time, and will require Best-Lock to renew that portion of the instant motion, to the extent it wishes to do so and to the extent it is still relevant, following resolution of the pending

summary judgment motions.³

That is not to say that if it were decided herein that Best-Lock required additional discovery to oppose Lego's motion, Lego would not be *compelled* to search for and produce it. Such relief is implicit in the grant of a Rule 56(d) motion. It is instead to simply note that the Court will not parse through each and every discovery response that is claimed to be inadequate to determine whether something more is warranted at this juncture, which is to say, Best-Lock's professed inability to oppose Lego's summary judgment motion. The Court turns now to Best-Lock's Motion to Defer.

B.     **Renewed 56(d) Affidavit**

The present motion by Best-Lock is accompanied by the Revised Rosenthal Affidavit, the purpose of which is to provide the Court with "the nature of uncompleted discovery," how the "facts sought are reasonably expected to create a genuine issue of material fact," and Best-Lock's "previous efforts to obtain those facts." Revised Rosenthal Aff. ¶6. According to Best-Lock, the nature of uncompleted discovery implicates each element of each claim or defense at issue in Lego's Motion for Partial Summary Judgment.⁴ In its Memo in Support, Best Lock contends that 53 previously

---

³ The Court does note, for the record, that upon first glance, Lego's responses to Best-Lock's discovery requests appear inadequate and improper under the standards set forth by the Federal Rules of Civil Procedure. The responses include repeated boilerplate objections, improper references to Rule 33(d), and indefinite promises to provide responses at a later time. It is not clear from the submissions before the Court whether such responses were supplemented with the promised records. Further, Lego acknowledges that has not supported its assertion of privilege with a privilege log, in contravention of Federal Rule of Civil Procedure 26(b)(5)(A). Had the question of the adequacy of these responses been brought before the Court previously, the Court would have endeavored to resolve it. However, the Court declines to address this issue here.

⁴ This is no exaggeration. During the hearing on the instant motion, Best-Lock's counsel described the nature of the requested discovery as "everything". *See* Transcript of August 10, 2017, Hearing, Doc. 162 at 10 ("The first is the nature of the uncompleted discovery . . . requested. I must say, your Honor, everything. Everything."); *see also id.* at 12 ("[T]he nature of

served discovery requests represent its prior unsuccessful efforts to obtain the facts it requires to oppose Lego's motion. *See* Doc. 150-1 at 16. By way of a chart, the Revised Rosenthal Affidavit details the topics encompassed by the uncompleted discovery; what information it "expects to discover"; and the corresponding numbers of the previously served requests for production and interrogatories as evidence of its prior efforts to obtain the discovery at issue.[5] *See* Doc. 150-2.

Despite being longer in length and more explicit in detail, Best-Lock's revised affidavit suffers from the same lack of specificity as its shorter, more succinct predecessor. First, Best-Lock fails to point to *specific* items of discovery that are necessary to its opposition of Lego's motion, and, fatal to its motion, fails to elucidate how said discovery would serve to create genuine issues of material fact. For example, the first category of uncompleted discovery listed in the aforementioned chart, relevant to Lego's copyright infringement claim, is described as "[w]hat features of the figurines are covered by the copyrights". Revised Rosenthal Aff. ¶6a. The affidavit then states Best-Lock "expects to discover" and "expects to find" documents, testimony and evidence that would

---

the uncompleted discovery, that's everything[.]")

[5] For each category of discovery, Best-Lock's affidavit lists the Requests for Production and Interrogatories that represent Best-Lock's previous efforts to obtain the discovery at issue. In each row of its chart, Best-Lock lists several requests for production under the heading "RFPs". In some instances, Best-Lock then includes another heading – "see also" – directing the reader to additional numbered requests for production. There are also rows in which Best-Lock then includes a footnote, which alerts the reader to "Other relevant RFPs." Best-Lock purports to explain the significance of such categorization in its reply papers, but such explanation fails to aid the Court in determining whether it should be treating the listed Requests for Production in a manner different from those requests under the "see also" categorization, or those footnoted "other relevant" requests. *See* Best-Lock Reply, Doc. 156 at 10 ("Each request in the Rosenthal Affidavit . . . was cited in one of three categories. Those in the first category were cited directly on the column labeled 'Previous Efforts to Obtain Those Facts' and are the most pertinent to Lego's MSJ. Those in the second category were preceded by '*See also*' and support Best-Lock's proffers. Those in the third category were listed in a footnote as illustrative and specified as 'Other relevant' requests.").

show that certain features of the subject Minifigures are "dictated by functional concerns, which would limit the scope of the copyrights and call into question their validity," including information that shows that the copyrights only cover the surface decoration of the Minifigures. *Id.* The affidavit also states that Best-Lock expects to discover that the specific deposits that were chosen for the copyright applications protect only specific Minifigures. *Id.* Conspicuously absent from the affidavit, however, is any indication of what specific discovery exists that would tend to show these facts, and any explanation of how said discovery would serve the purpose Best-Lock seeks it for.[6] All that Best-Lock repeatedly contends is that the expected facts would "contradict the assertions Lego made in its motion for summary judgment and are expected to raise genuine issues on Lego's infringement and validity claims." *Id.* This speculative and conclusory assertion is plainly insufficient to satisfy the burden Best-Lock bears on this motion.

The same holds true for each of the other categories of discovery that Best-Lock lists in its affidavit. Best-Lock expects to find evidence that Lego attempted to extend its patents' protection, but fails to articulate specific items of discovery it seeks and how said discovery – assuming it exists, and is in Lego's possession – would raise genuine issues of material fact specific to the arguments

---

[6] The Court notes specifically that Best-Lock offers no support for what appears to be its underlying assertion: that documents or testimony that Lego could supply would somehow impact the determination of which elements, if any, of the Minifigures are protectable under the copyrights. Best-Lock does not explain how discovery as to what *Lego* considered protectable is relevant to Lego's motion for summary judgment on the copyright infringement claim. Indeed, Best-Lock's position appears contrary to that expressed recently in *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1015 (2017), where the Supreme Court noted that in determining whether the design of a useful article is eligible for copyright, the "inquiry is limited to how the article and feature are perceived, not how or why they were designed." (citing *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1152 (2d Cir. 1982)). Thus, Lego's argument that the "scope" of the copyrights would be determined by the registrations and deposit materials, already in the record, is well founded. Best-Lock offers nothing persuasive to the contrary.

raised in Lego's motion. Best-Lock seeks information that would show that Lego's works were derivative of earlier designs, but does not speak to what form that evidence would come in and how those findings would "limit the scope of the copyrights and call into question their validity." Revised Rosenthal Aff. ¶6e. Best-Lock asserts that it requires information about the "alleged similarity" between Best-Lock's and Lego's figurines, but does not explain what information that may be, and how it would serve to raise a genuine issue of fact as to Lego's copyright infringement claim.[7] And so on, and so forth. Best-Lock's failure to specify the form of discovery it believes exists and its failure to connect the facts it seeks to the legal arguments in Lego's motion renders the affidavit insufficient by Rule 56(d)'s standards.

Further, Best-Lock's affidavit does not make it even remotely clear that the discovery it seeks exists and is in Lego's possession. Best-Lock's repeated assertions that it "expects to find evidence" are unsupported by any indication that such evidence exists and is in the hands of Lego. It is particularly for this reason that the Best-Lock's affidavit regarding discovery specific to its equitable estoppel affirmative defense is deficient.

The Second Circuit has made it clear that mere speculation about the existence of additional discovery and what it may reveal can warrant denial of a request for a continuance to conduct discovery pursuant to Rule 56(d). *See, e.g.*, *Alphonse Hotel Corp.*, 828 F.3d at 151–52 (affirming

---

[7] To the contrary, "[i]n considering substantial similarity between two items, . . . what is required is only a visual comparison of the works[.]" *Salinger v. Colting*, 607 F.3d 68, 83 (2d Cir. 2010) (quotation marks and citation omitted). Thus, "[w]hen a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary[.]" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quotation marks and citation omitted). It is for this reason that courts may rule on substantial similarity as a matter of law on a motion to dismiss, before any discovery has taken place. *DiTocco v. Riordan*, 496 F. App'x 126, 127–28 (2d Cir. 2012).

the denial of a Rule 56(d) motion where the movant "failed . . . to explain his basis for believing that [the] documents exist" and noting that "[s]uch bare generalized assertions cannot justify delaying the resolution of a summary judgment motion"); *In re Dana Corp.*, 574 F.3d at 149 ("[A] bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment[.]" (citation omitted)); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 117 (2d Cir. 2001) ("Even where a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered." (quotation marks and citation omitted)); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 995 F.2d 375, 377 (2d Cir. 1993) (affirming the district court's denial of a defendant's motion pursuant to 56(f) where the defendant "submitted an affidavit by his counsel that only speculated about what further discovery might reveal"); *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981) ("[I]t is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover. An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the [summary judgment] motion." (quotation marks and citation omitted)).

Finally, Best-Lock has not established that it diligently attempted to obtain the facts it now deems essential prior to the filing of Lego's motion; nor has it shown that its efforts were unsuccessful due to anything other than Best-Lock's failure to avail itself of the available devices to obtain discovery. While these factors are not dispositive of the instant motion, "[r]equests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in

pursuing discovery are disfavored[.]" *Paddington Partners*, 34 F.3d at 1139 (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir. 1985)).

Best-Lock asserts that it served Requests for Production and Interrogatories that encompass the topics of discovery it deems essential for rebutting Lego's Motion for Partial Summary Judgment, but that it has not received adequate responses to its discovery requests from Lego. Best-Lock's revised requests for discovery were served on September 9, 2015. *See* Doc. 150-3. Lego's responses are dated October 9, 2015, and revised responses were served on December 23, 2015. *See* Docs. 150-4; 150-5; 150-6. It is apparent from the record before the Court that during these later months in 2015, counsel engaged in correspondence regarding Best-Lock's requests and Lego's responses. According to the Revised Rosenthal Affidavit, the last "effort" Best-Lock made to obtain discovery in this action was December 4, 2015, in which Best-Lock's counsel informed Lego's counsel of the deficiencies he believed existed with Lego's production, and his response to Lego's asserted objections. Revised Rosenthal Aff. ¶13. Lego served additional responses at the end of that month, which Best-Lock claims are still deficient, but it does not appear that Best-Lock ever conveyed its continued dissatisfaction to Lego after the December 23, 2015, Responses were received.

This was the extent of Best-Lock's unsuccessful efforts to obtain the discovery it claims to be at issue. Several months later, in March of 2016, Best-Lock moved to dismiss Lego's Complaint for failure to prosecute. While noting the deficiencies it perceived with respect to Lego's discovery responses, Best-Lock took pains to distinguish its Motion to Dismiss from a motion to compel. *See* Motion to Dismiss, Doc. 128-1 at 5 ("To be clear, this motion is not a motion for an Order related to discovery."). This Court previously commented on Best-Lock's lack of initiative during this time in its January 18 Ruling on Best-Lock's motion to dismiss, stating that

> Best-Lock totally failed to respond to Lego's outstanding December 23 letters, whose purpose was to get the case moving. Instead of responding to Lego's letters, Best-Lock did nothing in the case and waited until March 16, 2016 to file [a] Motion to Dismiss on the ground, not free of irony, that Lego was doing nothing on the case.

January 18 Ruling, Doc. 143 at 15.

More three and a half months passed from Lego's December 23 letter to Best-Lock, which went unanswered, to April 13, 2016, when Lego moved for partial summary judgment. There is no evidence that during that period Best-Lock made any attempt – let alone a *determined* attempt – to obtain the discovery it felt necessary to defend itself in this action. While "failure to comply with the third and fourth requirements is not automatically fatal" to a Rule 56(d) affidavit, *Paddington,* 34 F.3d at 1139, Best-Lock's lack of effort in pursuing discovery hardly weighs in its favor of delaying determination of Lego's summary judgment motion now. *See MM Arizona Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 597 (S.D.N.Y. 2009) (denying a Rule 56(d) motion where, *inter alia*, four months elapsed in which the movants failed to attempt to obtain discovery); *Cooper v. John D. Brush & Co.*, 242 F. Supp. 2d 261, 267 (W.D.N.Y. 2003) ("Given plaintiff's failure to use the simple discovery devices available to him, as well as his failure to explain why the information requested would raise a genuine issue of material fact sufficient to defeat summary judgment, plaintiff's motion must be denied.").

In sum, Best-Lock has failed establish that it cannot present facts essential to justify its opposition to Lego's Motion for Partial Summary Judgment. Fed. R. Civ. P. 56(d). Best-Lock has not shown that there is a reasonable belief that Lego has denied it access to potentially favorable information that would, if discovered, raise genuine issues of fact sufficient to defeat the claims raised in Lego's Motion for Partial Summary Judgment. Best-Lock's affidavit in support of its Rule

56(d) motion has not shown with specificity how the facts Best-Lock seeks would create a genuine issue of fact in connection to Lego's motion; has not established that Best-Lock made reasonable efforts to obtain the discovery it seeks; and has not provided, other than mere speculation, that such information exists, and is in Lego's possession. Accordingly, the Court will deny Best-Lock's Motion to Defer.

**IV. CONCLUSION**

For the foregoing reasons, the Court makes this Order:

1. The Motion of Defendant Best-Lock [Doc. 150] to Defer Consideration of Plaintiffs Lego's Motion for Partial Summary Judgment and to Compel is **DENIED.** Best-Lock may renew its Motion to Compel discovery following resolution of the pending motions for Partial Summary Judgment.

2. Best-Lock must file its opposition to Lego's Motion for Partial Summary Judgment [Doc. 130] by **January 12, 2018.** Lego may file reply papers on or before **January 26, 2018.** If the Court desires oral argument on the parties' respective motions for partial summary judgment, counsel will be so advised.

3. Discovery remains **STAYED** pending this Court's resolution of the pending summary judgment motions.

**The foregoing is SO ORDERED.**

**Dated:** New Haven, Connecticut
December 21, 2017

/s/ *Charles S. Haight, Jr.*
**Charles S. Haight, Jr.**
**Senior United States District Judge**