UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S and LEGO SYSTEMS, INC., <br><br> Plaintiffs, <br> v. <br><br> BEST-LOCK CONSTRUCTION TOYS, INC., and BEST-LOCK LIMITED, HONG-KONG, <br><br> Defendants. | 3:11-cv-01586 (CSH) |
| BEST-LOCK CONSTRUCTION TOYS, INC., BEST-LOCK LIMITED, HONG-KONG, and BEST-LOCK GROUP LIMITED, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> LEGO A/S and LEGO SYSTEMS, INC., <br><br> Counterclaim Defendants. | December 12, 2019 |

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

On December 2, 2019, Murtha Cullina LLP—the last counsel standing for Defendants Best-Lock Construction Toys, Inc., Best-Lock Limited, Hong-Kong, and Counter Claimant Best-Lock Group Limited (collectively "Best-Lock")—moved to withdraw its appearance through motions filed by Attorneys Donnelly, Corea and Castricone. *See* Docs. 197, 198, 199. Attorneys Corea and Donnelly, in their virtually identical filings, represent that good cause exists for Murtha Cullina to cease its representation of Best-Lock due to an "irreparable breakdown of

1

communication" between counsel and Best-Lock. *See* Docs. 199, 197. Separately, Attorney Donnelly also filed a motion to withdraw appearance on behalf of his former colleague Attorney Castricone, who evidently "resigned from Murtha Cullina LLP in February 2019" but "inadvertently neglected to file a motion to withdraw [as Best-Lock's counsel] at the time of her resignation." *See* Doc. 198. In all three motions for withdrawal, Murtha Cullina represents that it provided actual notice to Best-Lock, both electronically and via air mail, cautioning Best-Lock that its "failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against [Best-Lock]."[1] *See* Docs. 197, 198, 199.

If Murtha Cullina's motions to withdraw are granted, Best-Lock will find itself unrepresented on the eve of trial, which is scheduled to commence on January 21, 2020. *See* Doc. 196.

**DISCUSSION**

District courts have "a great deal of discretion" in deciding motions for withdrawal of counsel. *See Yachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not

---

[1] Separately, Attorneys Donnelly and Corea in their motions to withdraw suggest that "it is unclear" whether the stay on discovery, which the Court imposed by Order dated January 18, 2017, "has been lifted." *See* Docs. 197, 199. The Court disagrees and believes that the text of the January 18, 2017 Order made it clear that "discovery will be stayed *pending* this Court's resolution of Lego's pending Motion for Partial Summary Judgment." *See* Doc. 143 (emphasis added). Thus, the stay on discovery has been lifted as of July 25, 2019—the date on which the Court has ruled on Lego's Motion for Partial Summary Judgment. *See* Doc. 195.

be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Even "[i]n cases where the party has failed to engage other counsel or file a personal appearance," the court may still grant counsel's motion to withdraw if "good cause" for withdrawal exists and counsel has given appropriate "notice" to the party.[2] *See id.*; *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists"); *Eaton v. Coca-Cola Co.*, 640 F. Supp. 2d 203, 206 (D. Conn. 2009) (noting that "court looks to the Rules of Professional Conduct . . . to determine whether withdrawal is permissive or mandatory" and that Rule 1.16(a) allows permissive withdrawal where there is "good cause").

"Good cause" for withdrawal might exist where counsel asserts that there has been "an irreparable breakdown in [the] attorney-client relationship." *See Westchester Fire Ins. Co. v. Enviroguard, LLC*, No. 3:13-CV-1620, 2014 WL 2881507, at *2 (D. Conn. June 25, 2014) (granting counsel's motion to withdraw where "an irreparable breakdown" of the attorney-client relationship "impeded" counsel's ability to "properly defend" the party and forced counsel to pay the party's "out-of-pocket costs"); *Eaton*, 640 F. Supp. 2d at 206–07 (finding that there was "good cause" for withdrawal where counsel's relationship with the party was "irrevocably broken" and the party threatened to "report" counsel "to a disciplinary authority"); *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 550 F. Supp. 2d 298, 302 (D. Conn. 2008) (granting counsel's motion to

---

[2] Such notice should explain to the party "that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." *See* D. Conn. L. Civ. R. 7(e).

withdraw where the client filed a malpractice action against counsel and counsel could "no longer communicate directly with their client"). Counsel's assertion that its relationship with the party has irreparably broken down cannot be conclusory but should be supported by specific facts. *See Hunte v. Anders*, No. 3:05-cv-1017, 2009 WL 3273291, at *5 (D. Conn. Oct. 8, 2009) (denying counsel's request to withdraw where counsel provided "no factual basis" for the assertion that "the attorney-client relationship has broken down and the break down [was] irreconcilable").

Even if counsel asserts that good cause exists, district courts may also consider whether granting withdrawal would disrupt "the prosecution of the suit" and delay the proceedings. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000); *accord Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (noting that, in ruling upon motions to withdraw, courts consider both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding"). Accordingly, "a district court has wide latitude to deny a counsel's motion to withdraw . . . on the eve of trial." *See Whiting*, 187 F.3d at 321; *Vachula*, 199 F.R.D. at 458 (concluding that counsel's withdrawal on the eve of trial was "inappropriate," despite plaintiff being "a difficult client," because such withdrawal would prejudice both parties and "disrupt the proceedings"). *But see Farmer*, 60 F. Supp. 3d at 444 (allowing counsel to withdraw on the eve of trial where the court was satisfied that good cause existed and withdrawal "[would] not disrupt the proceeding to the point where denial would be warranted.").

In the instant case, because Murtha Cullina has made no "showing that other counsel has appeared" on behalf of Best-Lock, Murtha Cullina must establish that "good cause" exists for its

withdrawal and that Best-Lock received appropriate notice explaining the implications of counsel's withdrawal on Best-Lock's defense in this action. *See* D. Conn. L. Civ. R. 7(e); D. Conn. R. Prof. Cond. 1.16(b)(7). Although Murtha Cullina appears to have provided Best-Lock with appropriate notice,[3] the Court is not convinced that counsel's conclusory reference to "an irreparable breakdown" of its relationship with Best-Lock is sufficient for the finding of good cause. *See Hunte*, 2009 WL 3273291, at *5. As of this writing, Best-Lock and its officers have not responded to their attorneys' notice of withdrawal. Because Murtha Cullina provides no specific facts explaining why its relationship with Best-Lock has irreparably broken down, the Court cannot decisively conclude whether counsel should be permitted to withdraw. *Cf. Eaton*, 640 F. Supp. 2d at 206–07 (alleging specific facts showing that counsel's relationship with the party was "irrevocably broken," such as the fact that the party threatened to "report" counsel "to a disciplinary authority"). Indeed, given that Best-Lock has yet to appoint a successor counsel, it is possible that Best-Lock disagrees with Murtha Cullina's representations and disputes counsel's assertion that withdrawal is warranted—especially in light of the timing of Murtha Cullina's request to withdraw. It significant that Murtha Cullina seeks to be relieved from its representation of Best-Lock on the eve of trial and merely two weeks before the Joint Trial Memorandum deadline. *See* Doc. 196. Best-Lock's quest for a successor counsel, necessitated by Murtha Cullina's withdrawal, would further delay this 8-year litigation and prejudice Best-Lock and Plaintiffs alike, particularly in light of the impeding pre-trial deadlines. *See, e.g.*, *Vachula*, 199 F.R.D. at 458 (concluding that counsel's withdrawal on the eve of trial was "inappropriate," despite plaintiff being "a difficult client," because such withdrawal would

---

[3] *See* Docs. 197, 198, 199; D. Conn. L. Civ. R. 7(e).

prejudice both parties and "disrupt the proceedings"). With these considerations in mind, the Court finds that it would be just to give Best-Lock an opportunity to respond regarding whether it would be appropriate for Murtha Cullina to withdraw from its representation at this stage of the litigation.

Accordingly, while the Court finds it appropriate to release Attorney Castricone from her representation of Best-Lock due to her resignation from Murtha Cullina, the Court reserves decision on the remaining motions by counsel pending response from Best-Lock. Best-Lock must file its response and declaration of intentions no later than January 13, 2020. This is a complex case, and questions of legal representation must be resolved before the case can go forward. Consequently, pending the resolution of whether Murtha Cullina should be permitted to withdraw as counsel, all scheduling deadlines in this matter are vacated and all proceedings are stayed. Staying the proceedings would serve the interests of justice and would allow Best-Lock an opportunity to retain a successor counsel.

In view of the provisions of this Order, Plaintiffs' Emergency Motion for Telephonic Status Conference (Doc. 200) is denied as moot.

## CONCLUSION

Motion to withdraw appearance of Attorney Castricone as counsel for Best-Lock, (Doc. 198), is therefore GRANTED. The Court reserves decision on motions to withdraw appearance of Attorneys Donnelly and Corea, (Docs. 197, 199), pending response from Best-Lock, which shall be filed no later than **January 13, 2020**. Pending the resolution of these motions, all

scheduling deadlines in this matter (*see* Doc. 196) are VACATED, and all proceedings are STAYED.

Plaintiffs' Emergency Motion for Telephonic Status Conference (Doc. 200) is DENIED AS MOOT.

It is **SO ORDERED**.

Dated: December 12, 2019
New Haven, Connecticut

      */s/ Charles S. Haight, Jr.*

Charles S. Haight, Jr.
Senior United States District Judge